UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Gallishaw, # 251362, *a/k/a Joshua Latron Gallishaw,*  Plaintiff,  vs.  SC Dept of Corrections; Director State of South Carolina SCDC Classification; John Doe's; Jane Doe's,  Defendants. | ) C/A No.: 9:12-2794-CMC-BM ) ) ) ) ) ) Report and Recommendation ) ) ) ) ) ) |

This action has been filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC) and frequent filer of litigation in this Court, alleges violations of his constitutional rights by the named Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d

1



70 (4th Cir. 1983).  Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is also required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case here.

Plaintiff alleges he was arrested for murder and then for distribution of crack cocaine and for failure to stop for a blue light, which resulted in a probation violation.  Plaintiff was sent to the Sumter County Jail to be detained. Plaintiff alleges he was convicted of the distribution charge on March 13, 2000, for which he received seven (7) years incarceration. In November of that same year, he was convicted of voluntary manslaughter and received eighteen (18) years, concurrent.  Plaintiff alleges in this lawsuit that SCDC officials have calculated his max-out date to be March 16, 2015, but that he is entitled to additional time served for which he is not receiving credit.  Plaintiff states he has been told the only way he will be given credit for any additional time is through an "Amended Sentence Order,"



but that a State Circuit Court Judge told him to "get with S.C.D.C.."

Plaintiff alleges the failure of the Department of Corrections to correct his max-out date violates his 14th, 8th, and 5th Amendment rights because he is not receiving the sentence-related credits to which he is entitled. Plaintiff claims the sentencing judge gave him credit for time served, but that he hasn't received the credit from SCDC, meaning that beginning in June 2013, he will be being "held against [his] will in prison by officials." Plaintiff asks for credit for his incarceration from June 1, 1998 until June 30, 1999, a period of thirteen (13) months, and from March 9, 2000 until November 15, 2000, a period of almost eight (8) months.

The relief Plaintiff is seeking is not available to him in a § 1983 action. Rather, such relief is exclusively available in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("When a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (summarizing the distinctions between § 1983 and habeas actions). Accordingly, in addition to the requirement of administrative exhaustion under 42 U.S.C. § 1997e, habeas review also requires exhaustion of state *court* remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971). According to the United States Supreme Court, the § 2254 exhaustion requirement is satisfied by seeking review of the claim in the highest state court with appellate jurisdiction to consider the claim. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)(state prisoners must give the state courts one full opportunity to resolve any constitutional issues *by invoking*



3

*one complete round of the* **state's established appellate review process** *before filing a habeas petition*).[1]

In South Carolina, the state Supreme Court has explicitly held that, as far as federal habeas corpus review of state *criminal* convictions or post-conviction relief matters is concerned, the discretionary review by the South Carolina Supreme Court of Court of Appeals cases referenced in the South Carolina Appellate Court Rules ("SCACR") 242 falls "outside of South Carolina's 'ordinary appellate procedure'" and that invocation of this review is not required to exhaust state court remedies for § 2254 purposes. *State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850 (2002) (quoting *O'Sullivan*); *see In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990). Accordingly, in keeping with existing state law, insofar as federal habeas corpus review of a sentence computation is concerned, a prison inmate must pursue Step 1 and Step 2 SCDC grievances following the sentence computation administrative decision, and must then appeal any denial of his Step 2 SCDC grievance to the state Administrative Law Court (ALC) pursuant to SCAPA. *See* S.C. Code Ann. § 1-23-380; SCACR 203(b)(6)(appeal of administrative decisions). If the inmate is unsatisfied at the ALC level, s/he must pursue further judicial review by way of an appeal to

---

[1] Since *O'Sullivan* was decided, several federal courts have held that states may place an otherwise "available" state court remedy such as a final discretionary review by the state's highest court "outside the standard review procedures" but only if they do so by explicit rule, order, or opinion. *Compare*, *Mattis v. Vaughn*, 128 F. Supp. 2d 249 (E.D. Pa. 2001)(Pennsylvania; Supreme Court administrative order sufficiently placed otherwise "available" discretionary appeal "outside of the standard review procedures" in the criminal cases to exercise docket control and decline comity extended to it by federal law), *aff'd*, 80 F. App'x 154 (3d Cir. 2003), *cert. denied*, 540 U.S. 1223 (2004); *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003)(same; court rule in Tennessee), *cert. denied*, 541 U.S. 956 (2004); *Randolph v. Kemma*, 276 F.3d 401, 404 (8th Cir. 2002)(same; Missouri court rule); *Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007)(same; Arizona court opinion) *with Rodriguez v. Scillia,* 193 F.3d 913, 917 (7th Cir. 1999)(discretionary appeal to Supreme Court was available state court remedy with had to be exhausted); *Hicks v. Wilson*, No. 4:04CV84LS, 2006 WL 2372255 (S.D. Miss. June 13, 2006) (same in absence of explicit removal of discretionary appeal from "standard review process," prisoner must apply for such review).



the South Carolina Court of Appeals, S.C. Code Ann. § 1-23-610(B)(judicial review of ALC decisions involving single director agencies such as SCDC go to Court of Appeals).

On December 12, 2012, Plaintiff was directed to answer special interrogatories. (ECF No. 12). Plaintiff filed his responses to the interrogatories on December 27, 2012. (ECF No. 15). A review of Plaintiff's answers to the Court's interrogatories reveals that Plaintiff has not yet fully exhausted his state court remedies.[2] Since Plaintiff has not filed a petition for writ of habeas corpus which establishes that he has fully followed the above outlined procedure, this Section 1983 complaint is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Bristow Marchant
United States Magistrate Judge

January 11, 2013
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page***.

---

[2] Plaintiff attached a "motion for reconsideration" to his answers to the Court's interrogatories which seemed to suggest that the South Carolina Court of Appeals had dismissed his appeal. As a result, a telephone inquiry was made, and this Court has confirmed with the South Carolina Court of Appeals that Plaintiff's case number 2012-210106 is still pending at this time.

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

